*E-FILED - 3/18/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ULYSSES DAVIS, JR., | ) | No. C 09-0655 RMW (PR) |
| | ) | |
| Plaintiff, | ) | ORDER OF SERVICE; |
| | ) | DIRECTING DEFENDANTS |
| v. | ) | TO FILE DISPOSITIVE |
| | ) | MOTION OR NOTICE |
| GOV. ARNOLD SCHWARZENEGGER, et al., | ) | REGARDING SUCH MOTION |
| | ) | |
| Defendants. | ) | |

    Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed in forma pauperis in a separate order. The court will order service of the complaint upon defendants based on plaintiff's cognizable claim against them.

**DISCUSSION**

A.    Standard of Review

    A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),

1  (2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police
2  Dep't, 901 F.2d 696, 699 (9th Cir. 1988).
3       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
4  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
5  the alleged violation was committed by a person acting under the color of state law.  See West v.
6  Atkins, 487 U.S. 42, 48 (1988).
7  B.   Plaintiff's Claim
8       Plaintiff claims that he arrived at California State Prison, San Quentin, on August 2, 2004
9  with an extremely infected scalp from a third degree grafting from a car accident in which he
10 was involved in 2003.  As a result, he suffered from first, second, and third degree burn injuries.
11 Medical staff at San Quentin commented that plaintiff could die from the infection on his scalp.
12 In October 2006, plaintiff received antibiotics via catheter.  Afterward, staff at San Quentin let
13 plaintiff's infection get worse which resulted in bleeding blisters and puss.  Plaintiff arrived at
14 California State Prison, Sacramento, on July 3, 2008.  From that day through the beginning of
15 December 2008, plaintiff's head became extremely infected and plaintiff was eventually taken to
16 Davis Medical Center.  At Davis, the medical staff told plaintiff he could die from chronic
17 infection.  After being returned to California State Prison, Sacramento, it took eleven days before
18 a doctor came to see him, at which time the doctor refused to follow the plastic surgeon's
19 directions.  As a result, plaintiff's head is infected once more because of lack of medication.
20 Liberally construed, plaintiff states a cognizable claim for deliberate indifference to serious
21 medical needs, in violation of the Eighth Amendment.
22 C.   Doe defendants
23      Plaintiff names Does 1-100 as defendants in his complaint.  The use of Doe defendants is
24 not favored in the Ninth Circuit.  See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).
25 However, where the identity of alleged defendants cannot be known prior to the filing of a
26 complaint the plaintiff should be given an opportunity through discovery to identify them.  Id.
27 Failure to afford the plaintiff such an opportunity is error.  See Wakefield v. Thompson, 177
28 F.3d 1160, 1163 (9th Cir. 1999).  Accordingly, the claim against the Doe defendants are

dismissed from this action without prejudice. Should plaintiff learn their identities through discovery, he may move to file an amendment to the complaint to add them as named defendants. See Brass v. County of Los Angeles, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

**CONCLUSION**

For the foregoing reasons, the court hereby orders as follows:

1. Doe defendants 1-100 are DISMISSED without prejudice.

2. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint in this matter (docket no. 1), all attachments thereto, and copies of this order on **Governor Arnold Schwarzenegger; California Director of Corrections Jill Woodford; Medical Department employee Dr. St. Clair** at **CSP-San Quentin; Medical Department employee Dr. David Wu** at **CSP-San Quentin; Warden Robert Ayers** at **CSP-San Quentin**; **Warden James Walker** at **CSP-Sacramento; Associate Warden Joe Lizarraga** at **CSP-Sacramento; Dr. Sahota, Chief Medical Officer** at **CSP-Sacramento; Health Care Manager Dr. Sal** at **CSP-Sacramento; Dr. Vu** at **CSP-Sacramento; Pharmacist Gerald Freitas** at **CSP-Sacramento; LVN Thorpe** at **CSP-Sacramento; Nurse Johnson** at **CSP-Sacramento;** and **Nurse Hale** at **CSP-Sacramento**. The clerk shall also serve a copy of this order on plaintiff and mail a courtesy copy of the complaint to the California Attorney General's Office.

3. No later than **ninety (90) days** from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claims for failure to protect, retaliation, and sexual orientation discrimination in the complaint.

    a. If defendants elects to file a motion to dismiss on the grounds that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

    b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendants are advised that summary judgment cannot be granted, nor**

**qualified immunity found, if material facts are in dispute. If any defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due.**

    4.    Plaintiff's opposition to the dispositive motion shall be filed with the court and served on defendants no later than **thirty (30) days** from the date defendant's motion is filed.

    a.    In the event defendants file an unenumerated motion to dismiss under Rule 12(b), plaintiff is hereby cautioned as follows:[1]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

    b.    In the event defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

1  See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff is advised to read
2  Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317
3  (1986) (holding party opposing summary judgment must come forward with evidence showing
4  triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that
5  failure to file an opposition to defendant's motion for summary judgment may be deemed to be a
6  consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff
7  without a trial.  See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges
8  v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

9       5.     Defendants shall file a reply brief no later than **fifteen (15) days** after plaintiff's
10  opposition is filed.

11      6.     The motion shall be deemed submitted as of the date the reply brief is due.  No
12  hearing will be held on the motion unless the court so orders at a later date.

13      7.     All communications by the plaintiff with the court must be served on defendant,
14  or defendant's counsel once counsel has been designated, by mailing a true copy of the
15  document to defendant or defendant's counsel.

16      8.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
17  No further court order is required before the parties may conduct discovery.

18      IT IS SO ORDERED.
19  DATED:   3/16/09

                                                  *Ronald M. Whyte*
                                                  RONALD M. WHYTE
20                                                United States District Judge

P:\PRO-SE\SJ.Rmw\CR.09\Davis655srv.wpd       5