*E-FILED - 9/8/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ULYSSES DAVIS, JR., <br><br> Plaintiff, <br><br> v. <br><br> GOV. ARNOLD SCHWARZENEGGER, et al., <br><br> Defendants. | No. C 09-0655 RMW (PR) <br><br> ORDER DENYING MOTION FOR LEAVE TO FILE EMERGENCY INJUNCTION; GRANTING MOTION FOR LEAVE TO AMEND <br><br> (Docket Nos. 24, 32) |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. On March 18, 2009, the court ordered service on defendants. On May 1, 2009, plaintiff moved for leave to file an emergency injunction. On June 16, 2009, plaintiff moved to amend his complaint. After reviewing the pleadings, the court DENIES plaintiff's motion for leave to file an emergency injunction and GRANTS plaintiff's motion for leave to amend.

**A.     Motion for Leave to File Emergency Injunction**

Plaintiff has filed a motion for a motion for emergency injunctive relief concerning an alleged mistreatment or lack of treatment regarding his burned and infected scalp.

Federal Rule of Civil Procedure 65 sets forth the procedure for issuance of a preliminary injunction or temporary restraining order ("TRO"). The Ninth Circuit has held that a request for a TRO and injunctive relief may be based upon either of two sets of criteria. The "traditional" test requires the movant to: (1) establish a strong likelihood of success on the merits; (2) show

the possibility of irreparable injury to the plaintiff if the preliminary relief is not granted; (3) show a balance of hardships favoring the movants; and (4) show that granting the injunction favors the public interest. Los Angeles Memorial Coliseum Comm'n v. Nat'l Football League, 634 F.2d 1197, 1200 (9th Cir. 1980).

The "alternative" test requires that the movant demonstrates either a combination of probable success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in their favor. See Diamontiney v. Borg, 918 F.2d 793, 795 (9th Cir. 1990). These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. Diamontiney, 918 F.2d at 795. At the very least, however, the moving party must show a fair chance of success on the merits. Armstrong v. Mazurek, 94 F.3d 566, 567 (9th Cir. 1996).

The court finds that plaintiff has not shown sufficient facts to establish that he actually faces irreparable harm at this time nor a fair chance of success on the merits. In support of his motion, plaintiff attached documents from the prison appeals office which do not correspond to dates complained of in the motion for leave to file an emergency injunction. Specifically, plaintiff alleges that from January 5, 2009 through April 27, 2009, he has not received any medical attention for his scalp. However, the documents attached to plaintiff's motion contain doctors' notes and appeals filed with the prison grievance office, dated in 2007 and 2008. Those documents indicate that plaintiff was being seen and treated by medical physicians regarding his scalp. Unfortunately, plaintiff does not support his claim with any relevant documentation or evidence. Accordingly, plaintiff's motion for leave to file an emergency injunction is DENIED without prejudice. If plaintiff's circumstances change during these proceedings, he may renew his request with the court.

**B.     Motion for Leave to Amend**

Plaintiff requests leave to amend his complaint to allege new facts which occurred after the filing of his complaint. Plaintiff also requests adding previously named "Doe" defendants to his complaint.

Federal Rule of Civil Procedure 15(a) is to be applied liberally in favor of amendments

1  and, in general, leave shall be freely given when justice so requires.  See Janicki Logging Co. v.
2  Mateer, 42 F.3d 561, 566 (9th Cir. 1994).  A plaintiff may amend his complaint once as a matter
3  of course at any time before a responsive pleading is served.  See Fed. R. Civ. P. 15(a).  As of
4  the date of this order, defendants have not filed a dispositive motion or responsive pleading.

5        Plaintiff attempts to incorporate information from his originally filed complaint by
6  reference.  Plaintiff also appears to erroneously believe that some defendants named in his
7  proposed amended complaint are defendants actually named in his original complaint.  For
8  example, he requests that all originally named defendants remain in the suit, but, in listing those
9  originally named defendants, plaintiff includes people who were not actually named in the
10 original complaint.  Accordingly, the court cannot determine who plaintiff wishes to name as
11 defendants.

12       Plaintiff is advised that an amended complaint supersedes the original complaint. "[A]
13 plaintiff waives all causes of action alleged in the original complaint which are not alleged in the
14 amended complaint."  London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981).
15 Defendants not named in an amended complaint are no longer defendants.  See Ferdik v.
16 Bonzelet, 963 F.2d 1258, 1262 (9th Cir.1992).

17       As a matter of judicial efficiency and ease of reference, plaintiff shall file an amended
18 complaint, on the enclosed form, within **thirty days** of the date this order is filed.  The amended
19 complaint must include the caption and civil case number used in this order (C 09-0655 RMW
20 (PR)) and the words "AMENDED COMPLAINT" on the first page.  The court has enclosed a
21 new complaint form with this order.

22       **Because an amended complaint completely replaces the original complaint, plaintiff**
23 **must include in it all the claims he wishes to present and name all defendants.  See Ferdik,**
24 **963 F.2d at 1262.  Plaintiff may not incorporate any material, including declarations or**
25 **exhibits, from the original complaint by reference.  Failure to comply with this order**
26 **within the designated time will result in the court proceeding with the claims set forth in**
27 **the original complaint.**

28       This order terminates docket nos. 24, 32.

Order Denying Motion for Leave to File Emergency Injunction; Granting Motion for Leave to Amend
P:\PRO-SE\SJ.Rmw\CR.09\Davis655amend.wpd    3

1 | IT IS SO ORDERED.
2 | DATED: __9/4/09__

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge