IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ULYSSES DAVIS, JR., | No. C 09-0655 RMW (PR) |
| Plaintiff, | ORDER DIRECTING PLAINTIFF TO PROCEED WITH ORIGINAL COMPLAINT; DIRECTING PLAINTIFF TO LOCATE UNSERVED DEFENDANTS; GRANTING DEFENDANTS' MOTION FOR EXTENSION OF TIME |
| v. | |
| ARNOLD SCHWARZENEGGER, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Presently, before the court are issues related to the complaint, service of process, and defendant's motion for extension of time.

**A. Complaint**

On March 18, 2009, the court ordered service based upon plaintiff's cognizable claim against defendants. On June 16, 2009, plaintiff filed a motion to amend the complaint along with a proposed amended complaint. On September 8, 2009, the court informed plaintiff that his proposed amended complaint was deficient. However, the court granted plaintiff leave to file another amended complaint curing the deficiencies within thirty days of the date of the order. The court warned plaintiff that failure to file an amended complaint would result in the court proceeding with plaintiff's original complaint. To date, plaintiff has not filed an amended complaint. Because the court has not received an amended complaint by the assigned date, the court will proceed with the original complaint filed on February 13, 2009. (Docket no. 1).

### B. Unserved Defendants

On April 28, 2009, the U.S. Marshal's office attempted service on defendants, Nurse Johnson and Dr. St. Clair. Both summons were returned unexecuted on June 16, 2009, because defendants were no longer at the location indicated by plaintiff. Here, plaintiff's complaint has been pending for over 120 days, and thus, absent a showing of "good cause," is subject to dismissal without prejudice as to the unserved defendants. See Fed. R. Civ. P. 4(m). In cases wherein the plaintiff proceeds in forma pauperis, the "officers of the court shall issue and serve all process." 28 U.S.C. 1915(d). The court must appoint the Marshal to effect service, see Fed. R. Civ. P. 4(c)(2), and the Marshal, upon order of the court, must serve the summons and the complaint, see Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994), overruled on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). Although a plaintiff who is incarcerated and proceeding in forma pauperis may rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to effectuate such service;" rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987). If the marshal is unable to effectuate service through no fault of his own, for example, because plaintiff failed to provide sufficient information or because the defendant is not where plaintiff claims, and plaintiff is informed, plaintiff must seek to remedy the situation or face dismissal. See Walker, 14 F.3d at 1421-22 (prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) because prisoner did not prove that he provided marshal with sufficient information to serve official or that he requested that official be served).

Because plaintiff has not served the remaining defendants, nor has he provided sufficient information to allow the Marshal to locate and serve them, plaintiff must remedy the situation or face dismissal of his claims against said defendant without prejudice. See Walker, 14 F.3d at 1421-22. Accordingly, plaintiff must provide the court with defendants Nurse Johnson's and Dr. St. Clair's accurate and current location such that the Marshal is able to effect service upon them. Failure to do so within thirty days of the date this order is filed will result in the dismissal of the claims against those defendants.

**C. Motion For Extension of Time**

On September 21, 2009, defendant's filed a request for an extension of time to file a responsive pleading or a dispositive motion. Defendants motion for extension of time is GRANTED. Defendants must file responsive pleading or dispositive motion within **sixty (60) days** from the date of this order. Plaintiff's opposition to the pleadings or dispositive motion, if any, shall be filed with the court and served on defendants no later than **thirty (30) days** after the date defendants' motion is filed. If defendants wish to file a reply brief, they shall do so no later than **fifteen (15) days** after the date plaintiff's opposition is filed.

Any dispositive motion shall be deemed submitted as of the date the reply brief is due. All communications by the plaintiff with the court must be served on defendants or defendants' counsel. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: 11/6/09

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order Directing Plaintiff to Proceed with Original Complaint; Directing Plaintiff to Locate Unserved Defendants; Granting Defendants' Motion for Extension of Time
P:\PRO-SE\SJ.Rmw\CR.09\Davis655.Orignal Complaint-EOT-4m.wpd    3